IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JASON K. KENDALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:05cv0242-M |
| | ) | [W/O] |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION**

On 24 June 2005, the defendant filed an untimely Answer (Doc. # 12, attch.) with a Motion for Leave to File Defendant's Answer Out of Time (Doc. # 12). This court's order of 23 March 2005 (Doc. # 3) imposed a response deadline of 13 June 2005. Defendant's response was, therefore, more than 10 days past due when it was filed.

Rule 12(a)(3)(A) of the Federal Rules of Civil Procedure provides that "an agency of the United States, or an officer or employee of the United States sued in an official capacity, shall serve an answer to the complaint . . . within 60 days after the United States attorney is served with the pleading asserting the claim." FED. R. CIV. P. 12(a)(3)(A). The rule does not except from its application claims involving the Social Security Administration or the Commissioner thereof ["Commissioner"], and it is elsewhere applied in those cases whereby a claimant seeks judicial review of the Commissioner's final decision. *Id.*; *see also* **Roberson v. Apfel**, 232 F.3d 889 (4th Cir. 2000) (noting in such a case that the rule allows for a 60-day response time as opposed to the 20-day response time set forth in subsection

(a)(1)(A) of Rule 12). Nevertheless, this court has long adhered to a general, informal policy generously allowing the government to file an answer within 90 days after service of process.

This policy notwithstanding, the specific date set forth in the court's Order to Answer (Doc. # 3) controls. While the court is mindful of the inescapable possibility of clerical errors in calendering deadlines–the Commissioner's proffered explanation–the court also notes that the Commissioner filed her answer one day before a conflicting deadline established in a subsequent docketing entry. (Doc. # 6). The court, not the Clerk of the Court ["Clerk"], imposes deadlines.

The court takes no issue with the Commissioner's explanation other than to note that it would be insufficient under different circumstances. Nevertheless, the court reminds the Commissioner that dates in docket entries are inconsequential, and reliance thereupon is risky. Taking into consideration the following factors, the court is nonetheless inclined to grant the motion:

- The Clerk failed to specify the court-ordered deadline in the docket entry for the Order to Answer (Doc. # 3);

- The Clerk then specified a conflicting deadline in a subsequent docket entry (Doc. # 6);

- This is the first time the court has raised this issue with the Commissioner; and

- Any prejudice caused by the delay was slight.

Therefore, it is hereby

ORDERED that the defendant's motion be GRANTED. The Clerk is directed to

2

create a separate docket entry for the Commissioner's Answer and back-date the entry to reflect the submission date of 24 June 2005.  The plaintiff shall file his brief in support within 40 days of entry of this order.

    DONE this 6th day of July, 2005.

                                      /s/ Vanzetta Penn McPherson
                                      VANZETTA PENN MCPHERSON
                                      UNITED STATES MAGISTRATE JUDGE