IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JASON K. KENDALL,                    )
                                     )
            Plaintiff,               )
                                     )
v.                                   )     CIVIL ACTION NO. 2:05cv242-VPM
                                     )     [WO]
JO ANNE B. BARNHART,                 )
Commissioner of Social Security,     )
                                     )
            Defendant.               )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jason K. Kendall ["Kendall"] filed this action seeking review of a final decision of the defendant ["Commissioner"] (Doc. # 1) pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) (2000).  Upon review of the record and the briefs submitted by the parties, the court finds that the Commissioner's decision should be affirmed.

**I.   FACTS AND PROCEDURAL HISTORY**

On 19 September 2002, Kendall filed an application for Supplemental Security Income benefits wherein he alleged that he suffered from "hepatitis (liver damage), illiteracy and weak ankles - that pop every time I walk" (R. 66-70; 78).  These are essentially the same allegations that formed the basis for Kendall's previous application for benefits, which ultimately was denied by an Administrative Law Judge ["ALJ"] whose opinion Kendall did not appeal (R. 28-38).

Kendall, whose previous employment includes "construction laborer, fork lift operator, restaurant porter and dishwasher, and landscaper" (R. 17), alleges that he became disabled on 12 April 2002, one day after the ALJ issued his opinion regarding Kendall's previous application for

benefits (R. 66).

Kendall's current application was denied initially (R. 42-43), and, following an evidentiary hearing, ALJ William L. Ragland ["Ragland"] issued an unfavorable decision (R. 25-41). The Social Security Administration's Appeals Council denied Kendall's request for review (R. 46-47), thus rendering the ALJ's opinion the final decision of the Commissioner. Kendall then filed this timely lawsuit (Doc. # 1).

## II.   STANDARD OF REVIEW

The district court's review of the Commissioner's decision is a limited one. Reviewing courts "may not decide the facts anew, reweigh the evidence, or substitute [their] judgment for that of the [Commissioner]." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). The court must affirm the Commissioner's decision "if it is supported by substantial evidence and the correct legal standards were applied," *Kelley v. Apfel*, 185 F.3d 1211 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)).[1] This is true despite the existence of substantial evidence "contrary to the findings of the ALJ." *Barron v. Sullivan*, 924 F.2d

---

[1]       In *Graham v. Apfel*, 129 F. 3d at 1422, the Court of Appeals stated that:

> Substantial evidence is described as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

227, 230 (11th Cir. 1991).  "There is no presumption, however, that the Commissioner followed the appropriate legal standards in deciding a claim for benefits or that the legal conclusions reached were valid."  *Miles*, 84 F.3d at 1400 (citations omitted).

## III.   DISCUSSION

A thorough review of the evidentiary record and the parties' arguments leads inescapably to the conclusion that Kendall is attempting to circumvent the doctrine of *res judicata*.  His arguments rely almost exclusively on evidence that formed the basis of the ALJ's opinion regarding his previous application, yet Kendall does not argue that ALJ Ragland reopened the previous case.  Moreover, the substance of ALJ Ragland's opinion does not support such an argument.

As ALJ Ragland himself concluded, his finding that Kendall could return to his past employment is consistent with the previous decision, and the record contains no evidence that Kendall's physical or mental condition has deteriorated since the previous opinion issued. Nor is there evidence that any other circumstances extant at the time of the previous hearing have materially changed.  This conclusion is fully supported by the record.

## IV.   CONCLUSION

Therefore, it is hereby

ORDERED that the decision of the Commissioner is affirmed.

DONE this 27th day of March, 2006.


                                        /s/ Vanzetta Penn McPherson
                                        VANZETTA PENN MCPHERSON
                                        UNITED STATES MAGISTRATE JUDGE